13-3426-cv
Bhanusali v. Orange Reg'l Medical Ctr.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand fourteen.

PRESENT:  GUIDO CALABRESI,
                 GERARD E. LYNCH,
                 RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*
------------------------------------------------------------------
GOVINDLAL K. BHANUSALI, M.D.,
GOVINDLAL K. BHANUSALI, M.D., PC,

                          *Plaintiffs-Appellants*,

                    v.                                    No. 13-3426-cv

ORANGE REGIONAL MEDICAL CENTER,
domestic nonprofit organization, CRYSTAL RUN
HEALTHCARE LLP, BOARD OF DIRECTORS
OF THE ORANGE REGIONAL MEDICAL
CENTER, HAL D. TEITELBAUM, M.D.,
individually and as Chief Executive Officer of
Crystal Run Health Care, SCOTT BATULIS,
individually and as President and Chief
Executive Officer of Orange Regional Medical

Center, GREGORY SPENCER, M.D., individually and as Chairman of Staff and as Chairman of the Medical Executive Committee at Orange Regional Medical Center, GERARD J. GALARNEAU, M.D., individually and as Chief of Staff at Orange Regional Medical Center, JAMES E. OXLEY, D.O., individually and as Vice President Medical Affairs/Medical Director of Orange Regional Medical Center, KEVIN TRAPP, M.D., individually and as the Department Chair of Orthopedics at Orange Regional Medical Center, CHRISTOPHER INZERILLO, M.D., individually and as the Vice Chair of the Orthopedics Department at ORMC, LOU HEIMBACH aka Lou Heimbach, M.D.,

*Defendants-Appellees*.[*]

---------------------------------------------------------------

FOR APPELLANTS: Seth Marcus, Leffler Marcus & McCaffrey LLC, New York, NY.

FOR APPELLEES: Douglas P. Catalano, Neil G. Sparber, and Samantha E. Beltre, Fulbright & Jaworski LLP, New York, NY, *for* Orange Regional Medical Center, Board of Directors of the Orange Regional Medical Center, Lou Heimbach, Scott Batulis, Gerard J. Galarneau, M.D., and James E. Oxley, D.O.

Michelle E. Phillips and Michael L. Abitabilo, Jackson Lewis P.C., White Plains, NY, *for* Crystal Run Healthcare LLP, Hal D. Teitelbaum, M.D., Christopher Inzerillo, M.D., Gregory Spencer, M.D., and Kevin Trapp, M.D.

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR AMICI CURIAE   Andrew J. Schlafly, Esq., Far Hills, NJ.
ASSOCIATION OF
AMERICAN
PHYSICIANS AND
AMERICAN
ASSOCIATION OF
PHYSICIANS OF
INDIAN ORIGIN:

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiffs-appellants Govindlal K. Bhanusali, an Asian Indian-American orthopedic surgeon, and Govindlal K. Bhanusali, M.D., P.C. (collectively, "Bhanusali") allege that Orange Regional Medical Center, Crystal Run Health Care LLP, and various individual doctors affiliated with those entities (collectively, "defendants") conspired in a "sham peer review" to deny Bhanusali promotion, advancement opportunities, medical privileges, and clinical contracts.  On appeal Bhanusali argues that the District Court erred in granting defendants' motion to dismiss his antitrust and employment discrimination claims.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

Bhanusali first argues that he adequately pled an "antitrust injury" as required to establish antitrust standing.  Assuming arguendo without deciding that Bhanusali has antitrust standing under § 1 of the Sherman Act, we agree with the District Court's determination that his allegations of harm to the marketplace and the existence of defendants' conspiracy to engage in an

3

"unlawful group boycott" are conclusory and implausible.

However, the District Court <u>did</u> err in dismissing Bhanusali's claims of discrimination at the motion to dismiss stage. Bhanusali alleged that he received peer reviews or was disciplined for surgeries that resulted in neither patient complaints nor negative patient outcomes. In comparison, he alleged that younger, white physicians at the same medical facility who engaged in conduct that caused significantly worse outcomes for patients, including death, avoided any peer review or discipline. On a motion to dismiss, drawing all reasonable inferences in Bhanusali's favor, we conclude that these allegations suffice to plausibly support an inference of discrimination.

We have considered Bhanusali's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4